# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Celestine E., ) | |
| ) | |
| ) | Civil Action No.: 2:20-cv-03447-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 22.) The Report addresses Plaintiff Celestine E.'s ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends the court affirm the decision of the Commissioner of the Social Security Administration ("Commissioner"). (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id*. at 1-6.) As brief background, on January 3, 2020, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB and SSI. (*Id.* at 2.)

The ALJ determined Plaintiff had the severe impairments of "degenerative joint disease of the left knee, bipolar disorder, anxiety disorder with panic attacks and post-traumatic stress disorder." (*Id*. at 2.) The ALJ found Plaintiff had the following RFC:

1

"to perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift, carry, push and/or pull up to 20 pounds occasionally and 10 pounds frequently, can sit for six hours total in an eight-hour workday, and can stand and/or walk for six hours total in an eight-hour workday, with normal breaks. She can no more than frequently stoop, crawl, balance, crouch and kneel, and can no more than occasionally climb. She cannot tolerate required exposure to unprotected heights or dangerous machinery. The claimant retains the ability to perform simple, routine (reasoning level 1-2[)] tasks[] and can maintain concentration, persistence and pace in order to perform such tasks for at least two hours at a time and to complete an eight-hour workday without special supervision. She should have no required interaction with the general public and no more than occasional interaction with coworkers. She needs to work in a lower stress work environment, defined as one where she does not have to meet a rigid and flexible production schedule (for example, she should not be required to keep up with high-speed assembly line work or perform piecework), make complex decisions at the workstation or adapt to frequent changes at the workstation."

(*Id.* at 3.)

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (ECF No. 13-2 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed this action on September 29, 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting the Commissioner's decision be affirmed. (ECF No. 22.) Addressing numerous alleged shortcomings of the ALJ's decision, the Magistrate Judge rejected Plaintiff's arguments and noted the ALJ (1) appropriately accounted for Plaintiff's moderate limitations in maintaining concentration, persistence, and pace in formulating Plaintiff's RFC (*id*. at 7-13), and (2) properly evaluated Plaintiff's moderate limitation in interacting with others (*id*. at 13-15). The Magistrate Judge also determined there was no conflict between the jobs identified in the vocational expert's testimony and Plaintiff's RFC limitation to simple, routine tasks. (*Id*. at 15-17.) Finally, the Magistrate Judge rejected

Plaintiff's contention that the ALJ erred in relying on the vocational expert's testimony because the testimony was unreliable.  (*Id*. at 17-19.)

First, the Magistrate Judge concluded the ALJ properly considered the moderate mental limitations identified in several medical opinions on the record, "evaluated Plaintiff's subjective complaints and treatment records, and connected specific opinion evidence to the limitations [] ultimately included in Plaintiff's RFC."  (*Id*. at 11.)  The Magistrate Judge distinguished Plaintiff's circumstances from those at issue in *Mascio v. Colvin*, 780 F. 3d 632, 637-38 (4th Cir. 2015), because in Plaintiff's case, the ALJ formulated Plaintiff's RFC in part by specifically accounting for her ability to stay on task and limiting her to simple tasks and decisions and a lower-stress work environment.  (*Id*. at 12.)  The Magistrate Judge cited a number of cases from this district and the United States Court of Appeals for the Fourth Circuit, which concluded that moderate mental limitations like Plaintiff's were properly accommodated by similar RFCs restricting a claimant to simple, routine, repetitive tasks in a low-stress work environment.  (*Id*. (citing *Greene v. Berryhill*, No. 2:16-cv-2894-DCC, 2018 WL 3120644, at *3–5 (D.S.C. Jan. 30, 2018), *adopted sub nom. Greene v. Comm'r of Soc. Sec.*, No. 2:16-cv-2894-DCC, 2018 WL 1516853 (D.S.C. Mar. 28, 2018; *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).)  As to Plaintiff's moderate limitations in interacting with others, the Magistrate Judge reached a similar conclusion.  Plaintiff argued that the ALJ's failure to address Plaintiff's ability to interact with supervisors, as identified within one "persuasive" medical opinion on the record, amounted to reversible error.  (ECF No. 18 at 14-16.)  The same opinion, however, concluded that "[c]laimant can relate adequately with co-workers and supervisors."  (ECF No. 22 at 14 (citing ECF No. 13-3 at 42).)  The Magistrate Judge explained that the ALJ was therefore not required to incorporate limitations specific to interactions with supervisors into his RFC determination, and his findings did not conflict with his finding that the

cited opinion was persuasive. (ECF No. 22 at 14.)

Next, the Magistrate Judge considered Plaintiff's challenges to the testimony of the vocational expert. Here, Plaintiff objected that the jobs identified by the vocational expert required a reasoning level of "2", which created an "apparent conflict [] between a claimant who is limited to performing 'simple 2- and 3- step tasks.'" (*Id*. at 15 (citing ECF No. 18 at 18-19).) The Magistrate Judge concluded no such conflict existed here. Fourth Circuit law establishes that there is no apparent conflict between an RFC limitation to "simple, routine, repetitive tasks" and "the DOT's definition of Level 2 Reasoning." *Lawrence v. Saul*, 941 F.3d 140, 141 (4th Cir. 2019). The Fourth Circuit specifically distinguished *Thomas*, on which Plaintiff relies in formulating her argument, and held that "short" instructions were not necessarily "simple," and did not conflict with "[GED] Level 2's notions of 'detailed but uninvolved. . . instructions' and tasks with 'a few [] variables.'" *Id*. at 143. Pursuant to *Lawrence*, the Magistrate Judge found no unresolved conflict here. (ECF No. 22 at 17.)

Plaintiff's final argument challenged the vocational expert's testimony regarding the identified jobs as unreliable. The Magistrate Judge determined this argument also lacked merit, because Plaintiff had not previously challenged the accuracy of the vocational expert's testimony. (*Id*. at 19.) Moreover, an ALJ may consider a well-qualified vocational expert's testimony, and such testimony can "count as substantial evidence [in Step Five of the ALJ's sequential analysis]." (*Id*. at 18 (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019)).) Nothing on the record indicated that the vocational expert was unqualified or that her testimony was unreliable. In this light, the Magistrate Judge found the ALJ's reliance on the testimony proper, and Plaintiff's argument on this ground, without merit. (*Id*.)

The Magistrate Judge reasoned the Commissioner's decision was supported by substantial

evidence and recommended the court affirm its findings. (*Id*. at 19.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 20.) To date, neither party has objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 22 at 6-19.) Neither party has offered objections, and the court discerns no clear error on the face of the Report.

5

Accordingly, the court adopts the Report herein.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **AFFIRMED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 2, 2022
Columbia, South Carolina